UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00289 |
| | § | |
| 4.056 acres of land, in STARR COUNTY, | § | |
| TEXAS; JUAN GARCIA; et al., | § | |
| | § | |
| Defendants. | § | |

**FINAL JUDGMENT**

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered parties' "Joint Stipulation and Motion for Order Establishing Just Compensation, Granting Possession, Disbursing Funds on Deposit in the Registry of the Court, and Closing Case,"[1] and having determined that it warrants entry of this final judgment,[2] the Court **ORDERS, ADJUDGES** and **DECREES** that:

The United States is granted fee simple absolute interest over Tract RGV-RGC-6005-2 which is a 4.056 acre parcel of land more particularly described in Schedules C and D of the United States "Complaint in Condemnation"[3] and subject to existing easements for public roads and highways, public utilities, railroads and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals; reserving to the owners of land described in document numbers #2009-286273, #2001-40583 and #2004-240583, Official Records of Starr County Texas, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gates(s) in

[1] Dkt. No. 31.
[2] Dkt. No. 32.
[3] Dkt. No. 1-1 at 5-13.

the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map in Schedule E of the "Complaint in Condemnation,"[4] and excepting and excluding all interest in water rights and water distribution and drainage systems, if any provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken, to wit, to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of thirty-one thousand and 00/100 dollars ($31,000.00), together with any interest earned while on deposit in the registry of the Court,[5] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tract RGV-RGC-6005-2, and the sum fully satisfies any claims of whatever nature by any Defendants against United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interest taken in the subject property as of October 15, 2020,[6] shall be deducted

---

[4] *Id.* at 15.
[5] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).
[6] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); Dkt. No. 1-1 at 25 (estimating $27,115 to be just compensation); Dkt. No. 5 (deposit of $27,115 in the Court's registry).

from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of Court to immediately disburse the $35,063.00 and all interest on deposit in the Court's registry payable as follows:

- Starr County Tax Office **$ 596.67**
- Jones, Galligan, Key & Lozano Trust **$ 30,403.33**
- F&A Officer, USAED Fort Worth **$ 4,063.00**

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of Defendants' receipt of just compensation to the date of repayment into the registry of the Court.

This Final Judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 23rd day of February 2022.

Micaela Alvarez
United States District Judge

FINANCIAL DEPUTY
OFFICE OF THE CLERK OF COURT
Kathy Nguyen
2/23/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

